**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

| | | |
|---|---|---|
| **MARTEZ JOHNSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case: 1:24-cv-01115** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **RIVIAN AUTOMOTIVE, LLC,** | ) | |
| | ) | **Jury Trial Demanded** |
| **Defendant.** | ) | |
| | ) | |

## COMPLAINT

**NOW COMES** Plaintiff, Martez Johnson ("Plaintiff"), by and through the undersigned counsel, hereby filing this Complaint against Rivian Automotive, LLC ("Defendant"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1.   This lawsuit arises under the Civil Rights Act of 1964, as amended, 42 U.S.C. §1981, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII"), redress for Defendants race-based discrimination, race-based harassment, Defendant subjecting Plaintiff to sexual harassment, and retaliation under Title VII.

### JURISDICTION AND VENUE

2.   Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.

3.   Venue of this action properly lies in the Central District of Illinois, Peoria Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

### ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to jurisdiction under the Civil Rights Act of 1964, as amended, 42 U.S.C. §1981, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII") have been fulfilled or been complied with.

5. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") (attached hereto as Exhibit "A").

6. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B").

7. This Complaint has been filed within ninety (90) days of Plaintiff's receipt of the EEOC's Dismissal and Notice of Right to Sue.

## THE PARTIES

8. At all times material to the allegations of this Complaint, Plaintiff, Martez Johnson, resided in Tazewell County, Illinois.

9. At all times material to the allegations in this Complaint, Defendant, Rivian Automotive, LLC was a limited liability company doing business in and for McLean County, Illinois, whose address is 100 Rivian Motorway, Normal, IL 61761.

10. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

11. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. §2000e(b).

## BACKGROUND FACTS

12. Plaintiff worked for Defendant as a Packer from August 21, 2023, until his unlawful termination on or around October 17, 2023.

13.     Plaintiff met or exceeded Defendant's performance expectations during the entire duration of his employment.

14.     Plaintiff is African American and is a member of a protected class because of his race.

15.     Plaintiff is male and is a member of a protected class because of his sex.

16.     Since at least September of 2023, Defendant has subjected Plaintiff to different terms and conditions of employment than others not within his protected class and has been subjected to a hostile work environment on the basis of race and sex, violating §1981, Title VII.

17.      In or around September of 2023, Plaintiff's Caucasian coworker began using derogatory language and racial slurs against Plaintiff.

18.     This Caucasian coworker would refer to Plaintiff as "n*gger."

19.     Plaintiff was deeply disturbed and offended by this behavior.

20.     This coworker would justify his inappropriate remarks by stating that they "had black relatives."

21.     Feeling frustrated and uncomfortable with this behavior, Plaintiff reported tis incident to his Group Leader.

22.     However, rather than conduct a prompt and thorough investigation into Plaintiff's complaint in order to prevent further harassment, Defendant instead ignored Plaintiff.

23.     On or around October 16, 2023, a male coworker of Plaintiff began making sexually inappropriate remarks directed towards Plaintiff.

24.     This coworker asked Plaintiff if he found him "sexy."

25.     Plaintiff was uncomfortable and attempted to avoid this situation.

26.     However, the male coworker persisted in making sexually suggestive comments and gestures.

27.     Plaintiff immediately reported this disturbing behavior to his Group Leader who brought the incident to Defendant's Human Resources.

28.     Defendant once again failed conduct a prompt and thorough investigation into Plaintiff's complaint in order to prevent further harassment.

29.     Instead, on or around October 17, 2023, the following day after making a complaint of sexual harassment, Plaintiff was terminated by Defendant.

30.     However, the individuals who subjected Plaintiff to race-based and sexual harassment were able to keep their jobs with Defendant.

31.     Plaintiff was unlawfully terminated on October 17, 2023.

32.     Plaintiff was retaliated against and his/ employment was ultimately terminated for opposing unlawful discrimination and for exercising his protected rights.

33.     Plaintiff reported the harassment to Defendant.

34.     Plaintiff was targeted for termination because of his race and sex.

35.     Plaintiff suffered multiple adverse employment actions including, but not limited to being terminated.

36.     There is a basis for employer liability for the race-based harassment that Plaintiff was subjected to.

37.     Plaintiff can show that he engaged in statutorily protected activity –a necessary component of his retaliation claim- because Plaintiff lodged complaints directly to his manager about the harassment.

## COUNT I
### Violation of 42 U.S.C. §1981
### (Race-Based Discrimination)

38.     Plaintiff repeats and re-alleges paragraphs 1-37 as if fully stated herein.

39.     Section 1977 of the Revised Statutes, 42 U.S.C. §1981, as amended, guarantees persons of all races, colors, and national origin the same right to make and enforce contracts, regardless of race, color, or national origin. The term "make and enforce" contracts includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

40.     Defendant's conduct against Plaintiff's race amounts to a pattern or practice of systemic race discrimination that constitutes illegal, intentional race discrimination in violation of 42 U.S.C. §1981.

41.     Plaintiff was subjected to and harmed by Defendant's systemic and individual discrimination.

42.     Defendant's unlawful conduct resulted in considerable harm and adverse employment action to Plaintiff and Plaintiff is therefore entitled to all legal and equitable remedies under §1981.

43.     As a direct and proximate result of the race-based discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT II
### Violation of Title VII of the Civil Rights Act of 1964
### (Race-Based Discrimination)

44.     Plaintiff repeats and re-alleges paragraphs 1-37 as if fully stated herein.

45.    By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's race, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

46.    Plaintiff is a member of a protected class under Title VII, due to Plaintiff's race.

47.    Plaintiff met or exceeded performance expectations.

48.    Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

49.    Defendant terminated Plaintiff's employment on the basis of Plaintiff's race.

50.    Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

51.    As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT III
### Violation of Title VII of the Civil Rights Act of 1964
### (Race-Based Harassment)

52.     Plaintiff repeats and re-alleges paragraphs 1-37 as if fully stated herein.

53.    By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to race-based harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

54.    Defendant knew or should have known of the harassment.

55.    The race-based harassment was severe or pervasive.

56.    The race-based harassment was offensive subjectively and objectively.

57.    The race-based harassment was unwelcomed.

58.     Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.* due to Plaintiff's race, African-American.

59.     Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

60.     As a direct and proximate result of the race-based harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT IV**
**Violation of Title VII of the Civil Rights Act of 1964**
**(Retaliation)**

61.     Plaintiff repeats and re-alleges paragraphs 1-37 as if fully stated herein.

62.     Plaintiff is a member of a protected class under 42 U.S.C. §2000e, *et seq.*

63.     During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about conduct that constituted race discrimination and/or race-based harassment.

64.     As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*

65.     In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough, and objective investigation of Plaintiff's complaint of race discrimination or harassment.

66.     Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

67.     Plaintiff's suffered adverse employment action in retaliation for engaging in protected activity.

68.     By virtue of the foregoing, Defendant retaliated against Plaintiff based on

Plaintiff's reporting the race-based discrimination or harassment, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

69.     Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

70.     As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

**COUNT V**
**Violation of Title VII of the Civil Rights Act**
**(Sexual Harassment)**

71. Plaintiff repeats and re-alleges paragraphs 1-37 as if fully stated herein.

72.     By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to sexual harassment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

73.     Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*, due to Plaintiff's sex, male.

74.     Defendant knew or should have known of the harassment.

75.     The sexual harassment was severe or pervasive.

76.     The sexual harassment was offensive subjectively and objectively.

77.     The sexual harassment was unwelcomed.

78.     Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

79.     As a direct and proximate result of the sexual harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of

enjoyment of life.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff respectfully requests that this Court find in Plaintiff's favor and against Defendant as follows:

      a.      Back pay with interest;

      b.      Payment of interest on all back pay recoverable;

      c.      Compensatory and punitive damages;

      d.      Reasonable attorneys' fees and costs;

      e.      Award pre-judgment interest if applicable; and

      f.      Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 12th day of March, 2024.

                                    */s/ Alexander J. Taylor*
                                      **ALEXANDER J. TAYLOR, ESQ.**
                                      *Counsel for Plaintiff*
                                      **SULAIMAN LAW GROUP, LTD**
                                      2500 South Highland Avenue, Suite 200
                                      Lombard, IL 60148
                                      Telephone: (331) 272-1942
                                      Facsimile: (630) 575-8188
                                      Email: ataylor@sulaimanlaw.com
                                      *Attorney for Plaintiff*